

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed January 12, 2021                                   United States Bankruptcy Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 18-33730-hdh |
| Revolution Monitoring, LLC, *et al.*,[1] | § § § | |
| Debtors. | § § § | (Jointly Administered) |
| | § | |
| MEDARC, LLC as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC, | § § § § § § | |
| Plaintiff, | § | Adversary No. 20-03113 |
| v. | § § | |
| Humana, Inc., *et al.*, | § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION TO DISTRICT COURT
## REGARDING RELATED MOTIONS TO WITHDRAW THE REFERENCE

---

[1] The Debtors in these Chapter 11 cases include: Revolution Monitoring, LLC; Revolution Monitoring Management, LLC; and Revolution Neuromonitoring, LLC.

1

This Report and Recommendation relates to several adversary proceedings filed by MedARC, LLC, as collection agent for Jeffrey H. Mims, trustee of the liquidating trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC, and Revolution Neuromonitoring, LLC (the "Revolution Entities") against health insurance companies and health plans for their alleged failure to properly reimburse the Revolution Entities for medical services rendered to insureds/patients.

As brief background, the Revolution Entities were in the business of providing neurophysiological monitoring medical services aimed at preventing patients from suffering paralysis, injury, or brain death during neurosurgeries. The Revolution Entities filed for Chapter 11 bankruptcy in late 2018, at which time their most significant asset was the approximately $420,000,000 they claim they are owed for services performed. The Bankruptcy Court confirmed the Revolution Entities' joint plan of reorganization on July 23, 2019, and pursuant to the confirmed plan, the Revolution Entities' receivables were assigned to a newly-formed liquidating trust for collection.

In late 2020, the collection agent for the liquidating trust filed approximately thirty collection actions. Approximately twenty of those collection actions were filed in District Court, assigned or transferred to Judge Godbey, and then referred to the Bankruptcy Court for pre-trial management. The defendants in three of those actions have filed motions asking the District Court to withdraw the reference.

Five additional collection actions were originally filed in the Bankruptcy Court, and the defendants in each of those actions have filed motions asking the District Court to withdraw the reference.

In accordance with Federal Rule of Bankruptcy Procedure 5011 and Local Bankruptcy Rule 5011-1, the Bankruptcy Court held status conferences regarding the motions to withdraw the

reference on December 16, 2020, January 8, 2021, and January 11, 2021 and now submits the following report and recommendation to the United States District Court.[2]

The collection actions at issue share many characteristics with actions for which the reference needs to be withdrawn for trial but can be referred to a bankruptcy court for pre-trial matters. The collection actions involve non-core matters under 28 U.S.C. § 157, and the defendants do not consent to the entry of a final judgment on non-core claims by the Bankruptcy Court. As a result, while the Bankruptcy Court believes it has subject matter jurisdiction in these adversary proceedings under 28 U.S.C. § 1334(b) because the claims are related to a case under title 11, the Bankruptcy Court does not have authority to enter final orders or a final judgment under 28 U.S.C. § 157(c). Any final orders or a final judgment would have to be issued as a proposed ruling by the Bankruptcy Court and reviewed *de novo* by the District Court. In addition, many of the defendants have either requested a jury trial or stated an intention to request one in the future and indicated that they do not consent to the bankruptcy judge conducting the jury trial, as would be required for the bankruptcy judge to conduct the jury trial under 28 U.S.C. § 157(e).[3]

However, the collection actions at issue differ from most cases referred to bankruptcy courts in that (1) they do not concern bankruptcy law, (2) their connection to the underlying bankruptcy cases is fairly attenuated, and (3) the Bankruptcy Court does not have significant familiarity with the facts relevant to the actions. With regard to the law at issue, the actions consist entirely of claims under the Employment Retirement Income Security Act ("ERISA") and claims

---

[2] The parties have done an excellent job briefing the motions to withdraw the reference, and this Report and Recommendation is only meant to give the Bankruptcy Court's overview and recommendations rather than to summarize and replace the briefing.

[3] As required by Local Bankruptcy Rule 5011-1, the Bankruptcy Court also notes that (1) the plaintiff has filed timely objections to the motions to withdraw the reference, (2) a motion to stay the proceedings pending the District Court's decision on the motions to withdraw the reference has not been filed, (3) the scheduling orders that have been entered in the adversary proceedings are the form orders entered upon the filing of an adversary proceeding and will need to be amended, and (4) the parties are not presently ready for trial.

under applicable state law for breach of health plans not governed by ERISA. As such, they do not involve questions of bankruptcy law, and the Bankruptcy Court does not have any particular expertise with ERISA or the other related federal non-bankruptcy law implicated in these actions.

With regard to their relation to the underlying bankruptcy cases, the collection actions are only in the Bankruptcy Court because the claims at issue were assigned to a liquidating trust pursuant to a confirmed plan of reorganization. Certain creditors of the Revolution Entities are now beneficiaries of the liquidating trust, but the collection actions really do not impact the day-to-day ongoing administration of the bankruptcy cases.

Finally, while the Bankruptcy Court learned a great deal about the Revolution Entities while their bankruptcy cases were active in 2018 and 2019, the types of facts that will be relevant to the collection actions are not the ones that were discussed or explored during the Revolution Entities' bankruptcy cases.

The Bankruptcy Court believes that trial in any of these collection actions will need to be conducted by the District Court. While the Bankruptcy Court is ready, willing, and able to handle pre-trial management of the collection actions, it is possible that such the pre-trial matters could be handled more efficiently by either the District Court Judge or a Magistrate Judge. For these reasons, the Bankruptcy Court makes the following recommendations:

1) If the District Court believes that either the District Court Judge or a Magistrate Judge would be able to handle these matters more efficiently because of a greater familiarity with ERISA and related federal law, the reference to the Bankruptcy Court should be withdrawn in its entirety.

2) If the District Court chooses not to withdraw the reference of the collection actions to the Bankruptcy Court, the order should specify that the reference is withdrawn for trial.

3) If the District Court chooses to refer these matters to the Bankruptcy Court for pre-trial matters, the Bankruptcy Court recommends that the District Court indicate how dispositive motions should be handled. It is the Bankruptcy Court's normal practice to consider all dispositive motions and to render its decision on such motions as either a non-final order or, if such decision would require a final order, a proposed ruling for the District Court.

4) In order to avoid inconsistent results or the duplication of efforts, whatever decision the District Court makes with respect to the collection actions in which a motion to withdraw the reference has been filed should be effectuated *sua sponte* in the other collection actions filed by MedARC, LLC.

### End of Report and Recommendation ###